IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

Plaintiff, No. CIV S-06-1577 FCD KJM P

vs.

L. M. ZAFRA, et al.,

Defendants.

ORDER AND

FINDINGS AND RECOMMENDATIONS

_______________________/

Plaintiff is a California prisoner proceeding pro se and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. The action was filed July 17, 2006, and currently is proceeding against defendant Zafra (defendant) with respect to plaintiff's claim that defendant denied plaintiff medical care in violation of the Eighth Amendment. See November 2, 2007 Order. Defendant's motion to dismiss is before the court. Plaintiff has filed an opposition and defendant a reply.[1]

Defendant asserts that this action should be dismissed under 28 U.S.C. § 1915(g). Under that statute, an inmate cannot bring an action in forma pauperis if, on three prior occasions

[1] Plaintiff also has filed an "objection and denial" to the reply. Because the rules of procedure do not provide for such a filing, and plaintiff did not seek for its filing, the court has disregarded it.

and while incarcerated, he or she brought actions in federal court that were dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted. The information presented by defendant indicates that, at most, plaintiff has one case that qualifies as a "strike" under § 1915(g). Def't's Request for Judicial Notice (Docket Entry #23), Ex. A (dismissal of Central District of California case as "legally and/or factually frivolous," filed on February 26, 2003). The other cases identified by defendant had not yet been dismissed before this action was filed. Id., Exs. B, C, D & E (dismissals on 10/31/06, 6/1/07, 11/11/06, and 3/8/07, respectively). Therefore, plaintiff was not precluded from bringing this action under the in forma pauperis statute when he did so.

Defendant also asserts this action should be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson, 127 S. Ct. 2197 at 2200.

In his amended complaint, plaintiff asserts that on January 2, 2005 he requested that defendant, a nurse at plaintiff's place of incarceration, help plaintiff speak to a doctor so that he could obtain "psychological medication." Am. Compl. at 8.[2] Defendant refused to help

---

[2] Page references are to those plaintiff has assigned himself, in handwritten form at the bottom of the page.

plaintiff. Id.[3]

The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.

Defendant asserts she is entitled to dismissal because plaintiff has not pled a sufficiently serious deprivation of medical care or alleged that defendant was deliberately indifferent to plaintiff's condition. Plaintiff does not articulate in his amended complaint why he was in need of "psychological medication," and whether defendant was in a position to do anything to treat plaintiff's condition. In the face of defendant's motion, plaintiff fails to point to anything in his opposition suggesting plaintiff could state an Eighth Amendment claim if he were granted leave to further amend.

For these reasons, the court will recommend that defendant's motion to dismiss be granted. The court thus does not to reach the other arguments in favor of dismissal raised by defendant.

The court notes that both plaintiff and defendant have filed requests that the court take judicial notice of certain documents. Defendant's request applies to the five, other cases provided in support of the motion to dismiss. See Docket No. 23, Exs. A-E. Plaintiff's request applies to four of these five cases. See Docket No. 29. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ( "[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial

/////

---

[3] While plaintiff also alleges that defendant then prepared a rules violation report naming plaintiff and that her actions constituted retaliation, Am. Compl. at 8-9, the court did not order service of any retaliation claim. Cf. Robinson v. Rhodes, 408 F.3d 559, 567-68 (9th Cir. 2005).

system, if those proceedings have a direct relation to matters at issue'"). Both parties' requests for judicial notice will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (#23) is granted; and

2. Plaintiff's request for judicial notice (#29) is granted.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (#22) be granted; and

2. This action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2008.

U.S. MAGISTRATE JUDGE

1
wils1577.57